IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| ERNEST FLEMING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.:4:04-2398 |
| | ) | |
| FLORENCE COUNTY SCHOOL DISTRICT THREE, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

# ORDER

Plaintiff Ernest Fleming ("Fleming") filed the instant action on July 20, 2004 against Defendant Florence County School District Three ("Defendant") alleging federal causes of action, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*, for systematic race discrimination and individual race discrimination, and state law causes of action for breach of contract, breach of contract with fraudulent intent, and wrongful termination. (Doc. #1). Defendant answered the complaint on September 7, 2004. (Doc. #4). Defendant filed the pending motion for summary judgment against all of Fleming's claims on August 9, 2006. (Doc. #37). On September 28, 2006, Fleming filed his response to Defendant's motion. (Doc. #51).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers, III, to whom this case had previously been assigned. (Doc. #58). In the Report, Magistrate Judge Rogers recommends that "Defendant's motion for summary judgment be granted as to Plaintiff's Title VII claims and the Court decline to retain jurisdiction over the remaining state law claims." Id. In addition, the

Magistrate Judge recommends "if the Court adopts this recommendation, Defendant's motion to strike (Doc. #53) shall be rendered moot." Id. Fleming filed objections to the Report on February 11, 2007. (Doc. #59).

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). In light of this standard, the Court has reviewed the Report. After careful review of the Report, the objections thereto, and the memoranda, case law, and exhibits filed in this case, the Court elects to accept the Report. (Doc. #58). Therefore, for the reasons articulated by the Magistrate Judge, it is **ORDERED** that Defendant Florence County School District Three's motion for summary judgment (Doc. #37) is **GRANTED**. The Court declines to exercise supplemental jurisdiction over any remaining state law claims. Accordingly, Defendant's motion to strike (#53) is hereby rendered moot.

**IT IS SO ORDERED**.

S/ Terry L. Wooten

Terry L. Wooten
United States District Judge

March 13, 2007
Florence, South Carolina